JOSEPH KNOX *et al.*

*v.*

THE WINSTED SAVINGS BANK.

1.  REMEDY—*to vacate a judgment of a former term.*  A judgment of the circuit court can not be vacated for alleged error therein, upon motion entered in the same court at a subsequent term.

2.  CONFESSION OF JUDGMENT—*upon a joint and several note.*  A joint and several promissory note was executed by seven persons, and made payable on the order of two of the makers, by whom it was indorsed to a third person.  Under a warrant of attorney to confess a judgment upon such note, according to its tenor and effect, it was *held,* that the power was substantially pursued in the confession of a judgment against five of the makers jointly, excluding the two on whose order the note was made payable.

3.  SAME—*vacating judgment—ground therefor.*  On a motion to vacate a judgment entered by confession, the question is not whether the judgment shall be vacated for error of law, but whether there exists any equitable reasons for opening the judgment.

4.  And the fact that the judgment was confessed against several of the makers of the note jointly, but not against all, did not afford any equitable reason for vacating the judgment.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. OWEN & FOLLANSBEE, for the appellants.

Messrs. FULLER & SMITH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from an order of the Superior Court of Chicago, overruling a motion to vacate a judgment rendered by confession, against appellants and one Carpenter, at the June term, 1870, of said court. The note and warrant of attorney upon which the judgment was rendered, were signed by the appellants and Carpenter, and also by "Tucker & Ritchie, " to whose order the note was payable, and were joint and several.

At the July term, 1870, appellants Weber and Griswold, (two of the defendants below,) moved to set aside the judgment upon affidavits filed, alleging usury. At the same term, appellants Knox and Lawrence, (two other of the defendants below,) moved to vacate the judgment because of the alleged error in its rendition, that it was not entered against "Tucker & Ritchie," as well as the five actually made defendants.

Both these motions were heard at the same time, July 20, upon affidavits, and the motions granted, on condition that appellants pay into court, for appellee's use, the amount they admitted they originally received, with six per cent interest to date of payments claimed to have been made; and after deducting such alleged payments, interest at six per cent, on the balance.

This appellants refused to do, and their motions were overruled.

Affidavits were submitted on both sides upon the point, whether the note upon which the judgment was rendered, was assigned to the appellee before its maturity without notice of the alleged defense.

We think the affidavits establish, very satisfactorily, that the appellee was a *bona fide* assignee of the note in question before its maturity, and that there was not enough of a question in this respect raised, to make it worth while that an issue should be submitted to a jury to try it. Such being the case, there was no defense to the note disclosed, as against the appellee, and the court was justified upon this ground, in overruling the motion of Weber and Griswold.

The object of the motion of Knox and Lawrence, was to present a technical error alleged to exist in the rendition of this judgment, namely, that the judgment is against Knox, Lawrence, Griswold, Weber and Carpenter, and not against Tucker and Ritchie also.

This case, as now pending here, is an appeal from the order of the superior court, overruling the motion to set aside the judgment of a former term. It is not an appeal nor a writ of error from *the judgment itself.*

The mode of vacating a judgment for such an error of law, is not on motion, in the same court at a subsequent term.

To entertain such a motion, the court would, in effect, be sitting as a court of errors, to revise its own judgment.

But it is insisted, that the power given by the warrant of attorney was departed from in this case,—that the authority given was, to confess judgment against the makers of a joint and several note, according to the tenor and effect of the note, and that the judgment should only have been confessed against all the makers of the note jointly, or against them severally— that there was no authority to confess it against five of the seven jointly; and the case of *Roundy* v. *Hunt,* 24 Ill. 601, is referred to, where this court reversed an order of the court below overruling a motion to vacate a judgment confessed under a warrant of attorney giving a power to confess judgment on a certain contingency, and it not appearing that the contingency had happened, it was held there was no authority for confessing the judgment.

It must be considered that Tucker and Ritchie had authority to confess judgment against these five of the makers, as they could not have confessed a judgment against themselves in their own favor; and whether such authority passed to their assignee or not, we think it was substantially pursued in this case, in confessing the judgment against these five defendants jointly. Express authority was given to confess judgment against them severally, and we do not perceive what substantial ground of complaint they have, because one judgment was confessed against them all, instead of five separate judgments against them severally. It was a saving of costs to them. Had an ordinary action at law been brought against them, they could only have pleaded in abatement the non-joinder of Tucker and Ritchie.

The question properly before the court below was, not whether the judgment should be vacated for error of law, but whether, in the exercise of its equitable jurisdiction, there was any equitable reason for opening the judgment. *Rising* v. *Brainard,* 36 Ill. 79.

Upon this motion of Knox and Lawrence, no such equitable reason was shown for setting aside the judgment.

We are satisfied that the superior court properly refused both motions to vacate the judgment, and its decision is affirmed.

*Judgment affirmed.*