J. IRVING PEARCE *et al.*

*v.*

ROBERT MILLER.

*Opinion filed February 18, 1903.*

1. BRIEFS—*discussion of single ground of error waives others.* The discussion by the appellant, in his brief and argument, of a single ground of error, all the authorities cited being upon such question, is a waiver of all other grounds of error assigned.

2. JUDGMENTS AND DECREES—*power of court over judgments by confession.* In case of a judgment by confession upon a note or bond containing a warrant of attorney, the court, in the exercise of its equitable powers in such cases, may hold the rights of the parties *in statu quo* until it has considered the questions raised by the affidavits in support of defendant's motion to vacate the judgment and to be allowed to plead.

3. SAME—*when denial of a motion to vacate judgment by confession is proper.* Denial of a motion to vacate a judgment by confession and to allow defendant to plead is proper, where the affidavits do not so involve the case in doubt that the truth of the matters cannot, with reasonable certainty, be ascertained without opening the case.

4. APPEALS AND ERRORS—*when action of court in denying motion is the only matter involved.* The alleged abuse of the trial court's discretion in denying a motion to vacate a judgment by confession is the only question open for consideration in the Supreme Court, where the trial was had without a jury and no propositions of law were asked by the parties nor held by the court of its own motion.

*Pearce* v. *Miller,* 99 Ill. App. 424, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

PURNELL & TERWILLIGER, for appellants.

W. O. JOHNSON, D. J. & D. J. SCHUYLER, Jr., and JOHN STIRLEN, (D. J. SCHUYLER, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

At the May term of the court the superior court of Cook county entered judgment in favor of the appellee, against appellants, by confession, for the sum of $6500

on a judgment note dated May 18, 1900, payable to the
order of the Produce Exchange Bank of Chicago, and by
them assigned, before maturity, to appellee, and *fi. fa.*
issued on such judgment. At the June term, 1900, of the
trial court appellants moved the court to quash the exe-
cution, vacate and set aside the judgment and for leave
to plead, which motion was heard on affidavits, only, in
support of and in opposition thereto. The court granted
a stay of execution, and reduced the amount of the at-
torney's fee included in the judgment from $500 to $200,
whereupon appellee remitted $300 from said judgment
entered at the May term, and the court overruled appel-
lants' motion to vacate the judgment and to allow ap-
pellants to plead, and entered judgment for $6200. The
case was taken by appeal to the Appellate Court for the
First District, and the judgment and action of the supe-
rior court were affirmed, whereupon a further appeal was
prosecuted to this court.

The warrant of attorney, which formed a part of the
note, provided that a certain amount should be paid as
attorney's fee in case judgment was entered upon the
note. It is contended by appellants that at the time the
note was written the amount of attorney's fee specified
was $200, and that the sum was afterwards altered by
the legal holder thereof to read $500.

A number of errors have been assigned by appellants,
but, as stated in their brief, "while each assignment of
error is distinctly set forth in specific form, each and all
of them depend upon the view the court takes as to where
the weight of evidence on the question of material alter-
ation rests." In fact, no other ground of error is urged
or discussed by appellants in their brief or argument,
and they will be held to have waived all other grounds,
the whole argument and all the authorities going solely
to the question of fact as to the alleged alteration and
as to the legal effect thereof. There is no dispute be-
tween appellants and appellee that if the amount of at-

torney's fee written in the warrant of attorney had been intentionally altered or changed, after its delivery, from $200 to $500, such alteration would be fatal to the instrument and a confession could not be entered thereon.

In the exercise of equitable powers resting in the court in the control of judgments confessed on notes and bonds under powers of attorney, the superior court was authorized to hold the rights of the parties *in statu quo* until it had given consideration to the questions raised by the affidavits. (*Lake* v. *Cook*, 15 Ill. 353.) And if the affidavits, when considered, should disclose a clear and equitable reason for opening the judgment and allowing appellants to plead, then it would be the duty of the court, in the exercise of such equitable powers, to so order, (*Knox* v. *Winsted Savings Bank*, 57 Ill. 330,) and, in the exercise of liberal discretion, pass upon the questions thus raised and presented. (*Evans* v. *Schriver Laundry Co.* 57 Ill. App. 150.) We have examined the affidavits, and are not able to say that, considering them all together, the case was so involved in doubt or that they were so contradictory that the truth could not with reasonable certainty be ascertained, or that in the refusal of the court to grant the leave asked there was an abuse of discretion, but, on the contrary, we think the affidavits sufficiently showed no alteration had been made in the note or power of attorney, and the action of the court in denying the motion was, in our judgment, proper.

The trial was had before the court without a jury, and no propositions of law were asked to be held by either appellants or appellee, nor were any propositions held by the court of its own motion. In such state of the record there are no other matters open for our consideration, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*