## W. J. Melton v. J. H. Rittenhouse and Alex Rittenhouse.

### Gen. No. 4239.

1. ASSIGNMENT OF ERRORS—*waiver of.* Errors assigned and not argued are waived.

2. ACCORD AND SATISFACTION—*what deemed as.* An accord and satisfaction would seem to appear where accounts have been adjusted by the parties litigant without the claim subsequently pressed and then known to exist being advanced.

3. VERDICT—*when not disturbed.* A verdict will not be disturbed where the evidence was conflicting and the trial judge saw the witnesses and heard their testimony.

Action of assumpsit. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 23, 1903.

R. C. HUNT, for appellant.

WILLIAMS, LAWRENCE & WELSH and ALVAH S. GREEN, for appellees.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellant leased his farm of one hundred and fifty acres by a written lease dated August 27, 1901, to appellee for a term beginning February 1, 1901, and ending March 1, 1902, reserving for his own use four rooms of the dwelling house, two upstairs and two downstairs. By the terms of the lease appellee agreed to pay appellant $700 for the rent of the premises, $200 payable September 1, 1901, and $500 payable January 1, 1902. Appellant boarded with appellee during the first few months of the term and subleased of them a small piece of ground containing in the neighborhood of two acres which he planted in potatoes.

The first payment on the lease was made the day it became due and the remaining payment June 2, 1902, the day after the date of its maturity. About the end of the term of the lease appellees vacated the premises. In the latter part of October, 1902, appellant sued appellees before a justice of the peace claiming they had damaged his premises during their tenancy and had taken and appropriated

to their own use certain articles of his personal property. The account exhibited by appellant at the time consisted of numerous small items the largest of which was $45 for destruction of thirty bushels of potatoes by appellee's hogs. The trial resulted in the defeat of appellant and he appealed to the Circuit Court.  December 24, 1902, appellant brought another suit before a justice of the peace against appellee J. H. Rittenhouse alone for $84.25.   The items of damages he sought to recover in this suit were all embraced in the account exhibited by him in the first case except $1.00 for a towel and $1.00 for use of bath tub.   Appellant was defeated in this suit also and again appealed to the Circuit Court.   On the trial in that court the two cases were consolidated and it was agreed by the parties that if plaintiff was entitled to a judgment in either case the judgment should go against both defendants for the amount he recovered.  A jury was waived, the cause heard by the court, resulting in a judgment for defendants for costs, from which judgment this appeal is prosecuted.

While five errors are assigned, counsel for appellant, in his brief and argument, discussed only one : that the court erred in rendering judgment in favor of defendants and against plaintiff for costs.   This is a waiver of all other errors assigned. Pearce v. Miller, 201 Ill. 188.   At all events the only real question involved in this record is one of fact.   The evidence was conflicting.   Appellees denied any liability as to most of the items for which appellant claimed damages and as to the other items testified they had been included in and settled for in settlements had between them and appellant.   While the evidence tended to show that appellee's hogs had been seen in appellant's potato patch rooting up the ground, it was testified that hogs of other persons were seen in there also, that on account of dry weather the potatoes were of no value and also that when the last payment for rent was made, Jan. 2, 1902, the parties had a settlement, and that appellant's claim for damages was included in that settlement.   True, appellant denies this.   Which party is correct about the matter we

cannot know but it would seem singular if appellant intended to charge appellees with this damage that he should have had a settlement with them several months after the damages had accrued, in which settlement he paid for the rent of the potato patch and said nothing about it. The trial court had the witnesses before it and in such a state of conflicting evidence was better able to judge of the weight and credit to be given to the testimony of the parties and witnesses than we are.

This is not a case where an appellate court would be justified in disturbing the finding and judgment of the court below.

The judgment is affirmed.

*Affirmed.*