LANSON D. MILLER et al. vs. BIRDIE DORAN et al.—(BIR-
DIE DORAN, Appellee, vs. UNITED STATES STEEL COR-
PORATION and HUDSON TRUST COMPANY, Appellants.)

*Opinion filed April 21, 1910—Rehearing denied June 9, 1910.*

1. JUDGMENTS AND DECREES—*effect of reversal is to abrogate
decree—rights of parties.* A party to a suit cannot acquire any
rights, while the decree is subject to review, which he can assert
after the decree is reversed, since the effect of reversal is to ab-
rogate the decree and leave the cause as it stood prior to the entry
of the decree.

2. CORPORATIONS—*when ·corporation ·is liable for stock trans-
ferred on its books.* A corporation owes to a registered stock-
holder the duty to see that her stock is not transferred upon the
books to a person not entitled thereto, even though such person
obtains a decree, in a suit to which the corporation is a party,
finding him to be the owner of such stock; and if the corporation
transfers the stock to him while the decree is subject to review it
is liable to the registered owner when the decree is reversed, where
the transfer was not by command of the decree but at the request
of a party who obtained possession of the stock by a writ of re-
plevin after the decree was entered, and who immediately returned
the stock to the corporation and directed its transfer.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on writ of error to the Cir-
cuit Court of Cook county; the Hon. LOCKWOOD HONORE,
Judge, presiding.

KNAPP & CAMPBELL, and WILLIAM BEYE, for appel-
lants.

T. F. LARAMIE, and WOLFF & ROTHSCHILD, for ap-
pellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of
Cook county by Lanson D. Miller and Louis G. Bostedo,
doing business as L. D. Miller & Co., against Birdie Doran,
the United States Steel Corporation and the Hudson Trust

Company, which were non-resident corporations, with their principal offices in the city of New York, (hereinafter called "the corporations") to· determine the ownership of certain shares of stock of the United States Steel Corporation claimed by L. D. Miller & Co. and Birdie Doran, respectively, and to have the same transferred upon the stock books of the United States Steel Corporation to L. D. Miller & Co. Answers and replications were filed, and Birdie Doran filed a cross-bill asking that said stock be declared to be her property and delivered to her by the corporations, in whose hands it had been placed for transfer upon the stock books of the United States Steel Corporation by L. D. Miller & Co. An answer and replication were filed to the cross-bill, and a trial was had and a decree was entered holding that L. D. Miller & Co. were the owners of said shares of stock and entitled to have said shares of stock transferred to said firm upon the stock books of the United States Steel Corporation, and the said corporations were ordered and directed to make such transfer. Birdie Doran prosecuted an appeal to the Appellate Court for the First District, (*Doran* v. *Miller,* 124 Ill. App. 551,) where the decree of the circuit court was reversed and the cause was remanded to the circuit court. Upon a second trial the circuit court entered a decree finding the stock was the property of Birdie Doran, and directed L. D. Miller & Co. to deliver the stock to her or to pay to her its value, and dismissed the cross-bill as to the corporations so far as it was sought to hold said corporations liable for the value of said stock. The Appellate Court for the First District has affirmed the last decree as to L. D. Miller & Co. and reversed it as to the corporations, and directed the trial court to enter a decree against said corporations, as well as L. D. Miller & Co., that they deliver to Birdie Doran an equivalent amount of stock or pay to her the value thereof, and the corporations have prosecuted an appeal to this court.

It appears from the evidence that Birdie Doran was the owner of certain shares of stock in the United States Steel Corporation; that she assigned the same in blank and placed them in a box in a safety deposit vault in the city of Chicago to which she and her husband had access; that her husband, without her knowledge or consent, took the same from the box in the safety deposit vault and hypothecated the same with L. D. Miller & Co. to margin certain stock deals which he had with L. D. Miller & Co.; that L. D. Miller & Co., claiming to be the owners of said stock, sent said stock to the Hudson Trust Company, the transfer agent of the United States Steel Corporation; that Birdie Doran notified said corporations she was the owner of said stock and asked that it be not transferred upon the stock books of the United States Steel Corporation; that thereupon said L. D. Miller & Co. filed the original bill in this case against Birdie Doran and the corporations, and sought thereby to have it declared that said firm was the owner of said stock and to have the same transferred to said firm upon the stock books of the United States Steel Corporation. It also appears that Birdie Doran prayed an appeal from the first decree entered by the circuit court but an appeal was not perfected by her; that prior to the time she sued out a writ of error to review said decree, L. D. Miller & Co. sought to have the corporations transfer the said stock to said firm upon the stock books of the United States Steel Corporation and to turn over to said firm said shares of stock in accordance with the provisions of said decree, which the corporations refused to do; that thereupon Louis G. Bostedo sued out a writ of replevin in the city of Chicago and through such writ obtained possession of the said shares of stock, which shares of stock had been returned to Chicago; that thereupon he forwarded said shares of stock to the corporations in New York, and the same were transferred upon the books of the United States Steel Corporation to L. D. Miller & Co. and returned to L. D. Mil-

ler & Co., and said firm has transferred said shares of stock to parties other than Birdie Doran.

L. D. Miller & Co. have not prosecuted an appeal from the judgment of the Appellate Court reversing said decree as to the corporations to this court, and the only parties now complaining in this court of the last judgment entered by the Appellate Court are the corporations, and their main contention is that they caused said shares of stock to be transferred upon the stock books of the United States Steel Corporation and delivered the same to L. D. Miller & Co. while the first decree of the circuit court was in full force and effect and before that decree had been reversed, and that they are protected from all liability to Birdie Doran growing out of the transfer and surrender of said stock to L. D. Miller & Co. by the first decree entered in this case. We think this contention cannot be sustained for two reasons: First, by reason of the fact that the stock was not transferred upon the stock books of the United States Steel Corporation and delivered by the corporations to L. D. Miller & Co. by virtue of the command found in said first decree, but said stock was delivered to the sheriff of Cook county under the replevin writ sued out by Louis G. Bostedo and on his application transferred and delivered to L. D. Miller & Co. by the corporations; and secondly, the first decree entered in this case, and under which the corporations claim to have transferred said stock and delivered the same to L. D. Miller & Co., has been reversed and said corporations were parties to the case in which said decree was entered, and they are bound by the reversal of said decree and cannot justify the transfer and delivery of said stock by reason of said decree.

It is not denied by the corporations that the general rule that parties to a suit are bound by a reversal of a decree is as announced in *Ure* v. *Ure*, 223 Ill. 454, where it was held that the effect of reversing a decree is to abrogate the decree and that thereafter the cause will stand in

the trial court precisely as it did before the entry of the
decree and that a party to the record cannot acquire any
right based upon such erroneous decree which he can as-
sert subsequent to its reversal, but it is claimed that the
corporations are so situated in this case that they fall with-
in an exception to that general rule, and that the transfer
of said stock having been made upon the stock books of
the United States Steel Corporation and the surrender of
said stock having been made to the officer having said writ
of replevin while said decree was in full force and effect,
they can defend under said decree, and that by virtue of
said decree they were justified in transferring said stock
and in delivering the same, after its transfer, to L. D. Mil-
ler & Co., and that they did not thereby incur any liability
to Birdie Doran by reason of said transfer and delivery.
It was the duty of the corporations to see to it that the
stock of Birdie Doran, who was a registered stockholder in
the United States Steel Corporation, was not transferred
upon the books of said corporation to anyone other than
Birdie Doran or her assignee, (*Western Union Telegraph
Co.* v. *Davenport,* 97 U. S. 369,) and if said corporations
did transfer said stock to any other person than Birdie Do-
ran or her assignee upon the stock books of the United
States Steel Corporation while said decree was subject to
review and reversal, they took their chances of said de-
cree being reversed.

In *Hay* v. *Bennett,* 153 Ill. 271, an administrator was
directed by decree of court to pay out of funds in his
hands $3500 to one of the parties to the suit in which the
decree was entered. The administrator paid the money
while the decree was in force and according to the terms
of the decree. Afterwards the decree was reversed, and
subsequent to reversal a suit was brought against the ad-
ministrator to recover said $3500. He justified payment
by reason of the decree, which was in force at the time
payment was made but had been reversed at the time suit

was brought to recover the $3500, and it was held that the administrator having been a party to the suit in which the original decree was entered, he was bound to know the proceedings were legal and free from error, and that the decree having been reversed he was bound by such reversal, and that he could not defend against the re-payment of said sum of money by virtue of said reversed decree, although he had paid the money relying upon the decree while the same was in force and unreversed. To the same effect are *McJilton* v. *Love,* 13 Ill. 486, and *Cable* v. *Ellis,* 120 id. 136, and other cases.

The appellants rely upon a number of cases in this State. We think those cases are clearly distinguishable from the case at bar in this: that the parties who were permitted to assert rights in a decree after the decree had been reversed owed no duty to the persons who were parties to the decree which had been reversed.

It is also contended that Birdie Doran should be barred from any relief as against the corporations, on the ground that she did not immediately, by appeal or by writ of error and a *supersedeas,* stay proceedings in the trial court until she obtained a review of said decree. A sufficient answer to this contention (regardless of the fact whether or not the corporations could have had said decree reviewed by appeal or writ of error) is, that the corporations did not make the transfer of said stock or deliver the same to L. D. Miller & Co. by reason of the command contained in said decree remaining in force and because it had not been stayed by an appeal or writ of error and *supersedeas,* as said transfer and delivery of said stock were made by the corporations to L. D. Miller & Co. upon the request of Louis G. Bostedo after he had obtained the possession of said stock by a writ of replevin,—that is, Louis G. Bostedo obtained the possession of said stock from the corporations by a writ of replevin and then immediately returned the stock to the corporations, and the stock was then trans-

ferred upon the stock books of the United States, Steel Corporation by the corporations and delivered to L. D. Miller & Co., who were by such action placed in a position where they could transfer the stock to innocent parties and deprive Birdie Doran of her stock. These facts, we think, make the corporations liable to Birdie Doran to deliver to her her stock or its equivalent or to pay to her the value thereof.

Finding no reversible error in this record the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*