INTERNATIONAL NIKOH CORPORATION, Plaintiff-Appellee,

v.

H. K. PORTER COMPANY, Inc., Defendant-Appellant.

No. 15364.

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1967.

---

Sydney G. Craig, Chicago, Ill., John H. Morgan, Pittsburgh, Pa., Martin Gross, Chicago, Ill., Martin, Craig, Chester & Sonnenschein, Chicago, Ill., Eckert, Seamans & Cherin, Pittsburgh, Pa., of counsel, for appellant.

Don H. Reuben, Chicago, Ill., Frank Cicero, Jr., Chicago, Ill., Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel, for appellee.

Before CASTLE, KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

This is an appeal by Porter from an order denying a joint motion, by defendants Porter and Lombard, under Fed. R.Civ.P. 60(b) [1] for relief from Nikoh's judgment against them. We affirm the court's denial of the joint motion.

The original judgment, from which relief is sought, was entered on October 13, 1964, against Porter for $56,860—the amount Nikoh paid for a "hot weld pipe mill" used in making pipe less the mill's scrap value of $3,640.[2] After the judgment was entered, Porter alone on November 25, 1964, filed the first 60(b) motion, denial of which on January 12, 1965, was approved in International Nikoh Corp. v. H. K. Porter Co., 358 F.2d 284 (7th Cir. 1966). The sale of the mill by Nikoh followed the order of January 12, 1965, and on February 25, 1965, we approved by order the reduction of judgment (by $6,360, the difference between $10,000 for which Nikoh sold the mill after judgment, and the $3,640 scrap value the district court had earlier placed on the mill). The joint motion before us was filed April 15, 1965, and denied August 9, 1965, and Porter alone has appealed. On October 5, 1965, we denied its motion to consolidate this appeal with the pending appeals from the judgment.

The first 60(b) motion by Porter was grounded on allegations that Nikoh's post-judgment conduct in attempting to sell the mill as an operating unit was suggestive of fraud in the light of its testimony at the trial that the mill had only scrap value. The district court or-

---

**1.** Rule 60(b) provides in pertinent part:
(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *

**2.** For a further statement of facts see International Nikoh Corp. v. H. K. Porter Co., 358 F.2d 284 (7th Cir. 1966).

dered depositions taken, and subsequently, in denying the motion, the court considered affidavits of Nikoh's officers, affidavits of prospective purchasers of the mill and Lombard's affidavit, and conducted a "full and extensive hearing."

 The second 60(b) motion by Porter and Lombard was grounded on allegations that newly discovered evidence showed the mill had a value in excess of the amount originally paid for it by Nikoh and an allegation of perjury on the part of Nikoh officers Ray and Simborg in their depositions under Porter's original motion.

Nikoh moved to dismiss on the grounds that the newly discovered evidence was not probative of the mill's market value and referred to events after the trial and documents not extant at the time of trial; and that the statement of Howard and his affidavit, and those of Cauffiel and Lombard, did not show perjury and in any event even if true did not bear on the mill's market value.

In his memorandum opinion, Judge Will noted that the post-judgment sales promotion of the mill could not change its operational history, that both Cauffiel and National Machinery Exchange refused to pay more than $10,000 for the mill and that Nikoh sold the mill to National Machinery for $10,000. The opinion referred to the weakness of reliance upon Lombard's suggested price of $150,-000, which contemplated re-engineering and rebuilding, and which was quoted by Ray (Nikoh's former president) to Dr. Howard, an English prospective purchaser, at Lombard's request. The opinion also noted that Cauffiel's *ad damnum* of $240,000 in a breach of contract suit against Nikoh—dismissed by Judge Will —was based on "sales talk."

Regarding the allegations of perjury, the district court found no perjury was shown but that even if it were, that fact would not change the fact that the mill was sold for $10,000; and that Porter's failure to offer more than that sum when Nikoh gave it the opportunity to re-purchase at the trial indicates that figure represented the value.

We see no reason to disagree with the district court's opinion. And there is no basis for, or need to discuss, Porter's contention that the judgment in favor of Nikoh should be vacated because of its "unclean hands" following the judgment.

 The 60(b) motion was addressed to Judge Will's discretion. Parker v. Checker Taxi Co., 238 F.2d 241, 243–44 (7th Cir. 1956), cert. denied, Field Enterprises, Inc. v. Parker, 353 U.S. 922, 77 S.Ct. 681, 1 L.Ed.2d 719 (1957). And Judge Will, having presided at the trial as well as at the hearing on the first 60(b) motion, was in an especially good position to exercise a sound discretion. Independence Lead Mines Co. v. Kingsbury, 175 F.2d 983, 988 (9th Cir.) cert. denied, 338 U.S. 900, 70 S.Ct. 249, 94 L.Ed. 554 (1949). We think in ruling on the motion he made a nice appraisal of the statements of Lombard, held guilty of actual fraud in the trial, and Cauffiel, the disappointed bidder.

Affirmed.