STYLE BUILDERS, INC., Plaintiff-Appellant, *v.* STEVEN FUERNSTAHL *et al.*, Defendants-Appellees.

(No. 59462; ▮▮▮▮▮▮▮)

First District (5th Division)—August 9, 1974.

Gerald R. Slutsky, of Chicago (Harry G. Fins and David M. Gerson, of counsel), for appellant.

Donald W. Ford, of Wheaton, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order vacating its judgment by confession contending that: (1) the judgment by confession was not void by being rendered in Cook County; (2) defendants' motion to vacate failed to comply with section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) and defendants were not diligent in presenting their motion; and (3) the validity of the judgment by confession had already been adjudicated.

On February 24, 1972, plaintiff filed a verified complaint in the Circuit Court of Cook County alleging that it owns a note containing a con-

fession of judgment clause executed by defendants and further alleging that defendants owned property in Cook County. The note was attached to the complaint and judgment by confession was entered. Plaintiff initiated garnishment proceedings on this judgment against the Itasca State Bank, which is located in Du Page County, where defendants had a bank account.

On March 15, 1972, defendants appeared and filed a motion, together with a supporting affidavit, to vacate the judgment by confession. On April 14, 1972, they filed an amended motion to vacate alleging that they reside in Du Page County; that they had contracted with plaintiff for reconstruction work on their home; and that the contract, consummated in Du Page County, had no relationship to Cook County. They further alleged that plaintiff violated the statute regarding judgments by confession by filing its action in Cook County; that plaintiff had not performed on the contract and therefore there was no consideration for the note; and that plaintiff knowingly failed to inform them that they were signing a confession note. Defendants' affidavit, filed with their motion, further indicated that plaintiff's work on their home was stopped by order of the Village of Wood Dale because of numerous building code violations resulting from plaintiff's work.

On April 28, 1972, plaintiff's answer to defendants' amended motion to vacate admitted that defendants reside in Du Page County; that their residence was the subject matter of the contract; and that the contract, consummated in Du Page County, had no relationship to Cook County. It further denied defendants' other allegations and stated, citing *May v. Chas. O. Larson Co.*, 304 Ill.App. 137, 26 N.E.2d 139, that the limitation regarding the county in which judgments may be confessed may be waived and was waived here; that since defendant Steven Fuernstahl is employed in Cook County he owns property there; and that defendants' affidavit was defective in that it failed to allege a meritorious defense.

No reply to plaintiff's answer was filed and the hearing on defendants' motion was set for June 22, 1972. On that date, defendants not appearing, their motion was stricken.

On January 17, 1973, defendants filed a motion (1) "to set for hearing the Motion to Vacate the Judgment by Confession previously filed herein," (2) for leave to amend that motion to one for opening the judgment, and (3) for leave to file an amended affidavit. The motion stated that defendants had been diligent in the matter. A signed and verified amended affidavit and copy of the Village of Wood Dale's inspection report finding numerous building code violations resulting from plaintiff's work were also filed. The motion sheet for January 17, 1973,

indicates that the motion was "[t]o reset motion to vacate judgment by confession and file amended petition." Plaintiff answered on the same day stating that defendants' motion was "to set for hearing a prior Motion to Vacate * * *," that defendants did not appear for hearing on their previously set motion and that defendants were not diligent in the matter. The record indicates that the court "DENIED" a "motion to vacate the Judgment by Confession entered herein FEBRUARY 24, 1972 * * *." No appeal was taken from the court's ruling. The record does not include any report of proceedings for January 17, 1973.

On June 15, 1973, defendants filed a motion to vacate the "ex parte" judgment entered against them without notice or, in the alternative, to allow them to file a counterclaim stating that the judgment was void because the transaction arose in Du Page County and because defendants reside in Du Page County; that defendants have a good and meritorious defense to the judgment; and that they were diligent in preserving their rights. Attached thereto was an unsigned and unverified but otherwise exact copy of the amended affidavit previously filed on January 17, 1973. Also attached to the motion was the Village of Wood Dale's inspection report. Plaintiff filed lengthy objections to defendants' motion raising essentially the same arguments it now raises on appeal.

A hearing was held on July 10, 1973, on the merits of defendants' motion at which time defendants' counsel admitted that he had failed to appear on June 22, 1972, and that Steven Fuernstahl was employed in Cook County. The court, in sustaining defendants' motion of June 15, 1973, held that "the Judgment by Confession entered herein FEBRUARY 24, 1972, in the sum of FORTY ONE HUNDRED TWENTY TWO and 20/100 DOLLARS ($4122.20) be and the same is hereby vacated, set aside, and for naught esteemed"; granted defendants leave to file a counterclaim; and set that matter for hearing on August 3, 1973. Plaintiff appeals from this order.

OPINION

■■ Plaintiff contends that the judgment by confession was not void by being brought in Cook County. Section 50(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50(3)) provides:

> "Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or *in any county in which is located any property, real or personal, owned by any one or more of the defendants.* A judgment entered by any court in any county other than those herein specified has no force or validity, anything

in the power to confess to the contrary notwithstanding." (Emphasis added.)

Plaintiff's complaint alleged that defendants owned property in Cook County and defendants' counsel admitted that Steven Fuernstahl was employed in Cook County. It is clear that the right to receive wages is a property right. (*Mowrey v. Mowrey*, 328 Ill.App. 92, 65 N.E.2d 234.) Thus, according to the statute, plaintiff was entitled to have judgment confessed in Cook County.

We need not deal with plaintiff's other contentions. The order of the trial court vacating the judgment by confession is reversed and the cause remanded to the trial court with directions to reinstate the judgment.

Reversed and remanded with directions.

SULLIVAN, P. J., and DRUCKER, J., concur.