COLONIAL BANK & TRUST COMPANY, an Illinois State Banking Association, Plaintiff,

v.

John D. CAHILL, Defendant.

No. 75C3723.

United States District Court, N. D. Illinois, E. D.

Nov. 10, 1976.

James S. Gordon, Chicago, Ill., for plaintiff.

Aaron J. Kramer, Schiff, Hardin & Waite, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge.

Before the court is defendant Cahill's rule 60 motion to vacate the judgment by confession entered by the Circuit Court of Cook County upon defendant's default in payment of certain promissory notes held by the plaintiff Colonial Bank. The promissory notes were executed by the defendant to finance the purchase of 25,000 shares of American Bankshares Corporation stock which was offered by the plaintiff bank, and the purchased shares were pledged to Colonial Bank as security for the debt. The notes each contained a clause authorizing

judgment by confession in a court of competent jurisdiction without service of process. Pursuant to the Illinois statute governing confession of judgment, judgment was entered in this action on September 23, 1975, and defendant Cahill was promptly served summons of the confirmation of that judgment within thirty days of entry. Ill. Rev.Stat. ch. 110, § 50(3) (1975). Within thirty days of the receipt of notice of the entry of judgment and prior to its confirmation, the defendant removed this action to the district court and filed a motion to vacate the circuit court judgment to allow litigation on claimed defenses.[1]

The threshold issue before the court is the removability of this action pursuant to 28 U.S.C. § 1441.[2] It is not disputed that this is an action between the plaintiff, a citizen of Illinois, and defendant, a citizen of Wisconsin, in excess of $10,000 and thus within this court's original jurisdiction. 28 U.S.C. § 1332. It is also uncontested that the petition for removal was timely filed within thirty days after the service of summons. 28 U.S.C. § 1446(b). However, despite this facial compliance with the removal provisions, three potential impediments to removal jurisdiction must be examined.

The critical provision in the "Note and Security Agreements" executed by Cahill authorizes "irrevocably any attorney of any court of record to appear for [the defendant], in such court, in term time or vacation, after any default hereon and confess a judgment without process in favor of the holder hereof for such amount as may appear unpaid hereon." This court must determine whether the defendant's waiver of the right to process before the entry of the judgment is tantamount to a waiver of the defendant's right to remove this action

from the Circuit Court of Cook County to this district court. Although a state is not free to restrict the removal rights of nonresident defendants, it is well settled that a nonresident defendant may voluntarily waive the right to remove to a federal forum. Compare, Home Ins. Co. v. Morse, 20 Wall. 445, 87 U.S. 445, 22 L.Ed. 365 (1874), with General Phoenix Corp. v. Malyon, 88 F.Supp. 502 (S.D. N.Y. 1949). A voluntary waiver of the right to remove may be evidenced by the conduct of the defendant in expressly submitting to the jurisdiction of the plaintiff's chosen forum after commencement of the action or the waiver may be predicated on a contractual provision by which the non-resident defendant expressly agrees in advance "[to] submit to the jurisdiction of any court . . and [to] comply with all requirements necessary to give such Court jurisdiction and [to permit] all matters arising hereunder [to] be determined in accordance with the law and practice of such court . . . [and to] abide by the final decision of such Court." Euzzino v. London & Edinburgh Ins. Co., 228 F.Supp. 431, 432 (N.D. Ill. 1964). See also Lavan Petroleum Co. v. Underwriters at Lloyds, 334 F.Supp. 1069 (S.D. N.Y. 1971); Perini Corp. v. Orion Ins. Co., 331 F.Supp. 453 (E.D. Cal. 1971); Oil Well Service Co. v. Underwriters at Lloyd's, 302 F.Supp. 384 (C.D. Cal. 1969); Wilson v. Continental Casualty Co., 255 F.Supp. 622 (D. Mont. 1966). Each of these district court decisions interprets the identical clause included in many contracts for insurance authorizing the insured to bring an action against the company in the forum of his choice. Each court relies on the specific language of the clause, emphasizing that the defendants' voluntary agreement to comply with all requirements necessary to

---

1. The defenses asserted by the defendant include alleged violations of his fifth and seventh amendment rights to due process by the confession procedure, various violations of rule 10–b by alleged fraud in connection with the purchase of the securities [15 U.S.C. § 78j(b)] and defendant's alleged failure to notice the confession of judgment clause contained in the note.

2. This court has located only one case in which a confession of judgment action was removed from a state to a federal forum. International Equity Corp. v. Pepper & Tanner, Inc., 323 F.Supp. 1107 (E.D. Pa. 1971). The removal petition was not timely filed, however, and the court remanded the action on that basis without discussing the potential procedural problems posed by the removal of actions for judgment by confession.

give *such* court jurisdiction, to have all matters determined in accordance with the law and practice of *such* court and to abide by the final decision of *such* court, constitutes an express waiver of defendant's choice of forum. In the instant action, the confession of judgment clause authorizing "any attorney of any court of record to appear . . . in such court . . . and confess judgment" does not contemplate the choice of forum problems covered by the contractual waiver examined above, and this court finds that the language of the clause is insufficient to constitute an express waiver of the right to remove.

■ The second potential impediment to proper removal jurisdiction is the nature of the action itself, as the Illinois statute defines an expeditious remedy to enforce creditors' rights for which there is no federal equivalent. *Compare* Ill.Rev.Stat. ch. 110, § 50(3) (1975), *with* Fed.R.Civ.P. 3 & 4. That fact alone should not preclude removal jurisdiction as a validly commenced state court procedure which can be characterized as a "civil action" may be removed and recognized in the federal forum. *Cf. Instituto Per Lo Sviluppo Economic Dell' Italia Meridionale v. Sperti Products, Inc.,* 47 F.R.D. 310 (S.D. N.Y. 1969); *Tanko v. Saperstein,* 149 F.Supp. 317 (N.D. Ill. 1957); *Famous Realty, Inc. v. Flota Mercante Grancolombiana,* 81 F.Supp. 553 (E.D. N.Y. 1948); 1A J. Moore, Federal Practice ¶ 0,168[4.–3].

■ The third potential obstacle to proper removal jurisdiction is the judgment which, if valid, places this court in the anomalous situation of recognizing a judgment prior to the litigation on the merits. However, as the circuit court judgment has not been confirmed it is not a final judgment. Further, a state procedure cannot "prevent removal or defeat its effects." *Munsey v. Testworth Laboratories, Inc.,* 227 F.2d 902 (6th Cir. 1955); *Butner v. Neustadter,* 324 F.2d 783, 786 (9th Cir. 1963). Thus an expeditious state procedure for de-

fault judgment, or by analogy for judgment by confession, cannot preclude removal jurisdiction as defined in the judicial code.

■ Having found that defendant's waiver of process, the nature of the state remedy, and the entry of an interim judgment do not preclude removal jurisdiction, this court must determine the manner in which this action shall proceed in the federal forum. The federal principles requiring state court orders to continue in effect after removal and providing that the federal rules govern removed actions are the touchstones for the resolution of this issue. The judicial code provides that "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court," therefore orders or judgments entered by the circuit court prior to removal are treated as orders or judgments entered by the district court. 28 U.S.C. § 1450. *See Berberian v. Gibney,* 514 F.2d 790 (1st Cir. 1975); *Kizer v. Sherwood,* 311 F.Supp. 809 (M.D.Pa. 1970). Rule 81(c) provides that the federal rules unequivocally "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Thus, substantively, the judgment remains in force and effect unless vacated by this court, and procedurally the action is governed by the federal rules.

■ In challenging the circuit court judgment, the defendant Cahill has simply argued that the judgment exceeds the statutory authority of section 50(3) and must be vacated. While it is unclear from the pleadings whether the reconsideration urged by the defendant is in the nature of de novo or appellate review,[3] this court is persuaded that the appropriate framework for review of the state court judgment is Rule 60(b)(4) which governs motions to vacate void judgments. 28 U.S.C. § 1450. *Cf., Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70 of Alameda*

---

**3.** Defendant's reliance on *Solem Machine Co. v. Georgia Lumber & Veneer Co.,* 18 Ill.App.2d 547, 152 N.E.2d 626 (1958) and *Duggan v. Ku-* *pitz,* 301 Ill.App. 230, 22 N.E.2d 392 (1939) attempts to cast this court in an appellate role.

*County,* 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

■ The judgment of the circuit court was entered pursuant to the following language of the Illinois statute:

Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding. Ill.Rev.Stat. ch. 110 § 50(3) (1975).

The general constitutionality of this statute cannot be questioned as confession of judgment clauses and the procedures by which judgment may be obtained have been upheld by the Supreme Court and Illinois courts. *Overmyer Co. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972); *First National Bank in De Kalb v. Keisman,* 47 Ill.2d 364, 265 N.E.2d 662 (1971). These cases recognize that a "cognovit provision may well serve a proper and useful purpose in the commercial world and at the same time not be vulnerable to constitutional attack." *Overmyer v. Frick,* 405 U.S. at 188, 92 S.Ct. at 783. In *Overmyer* and *Swarb* the Court traced the history of the commercial cognovit, noting that the foundation of jurisdiction to enter judgment is consent and waiver of process. Relying on *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), the Court stated that "due process rights to notice and hearing prior to a civil judgment are subject to waiver . . . [as] [i]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or

even to waive notice altogether." *Overmyer v. Frick,* 405 U.S. at 186, 92 S.Ct. at 782; *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. at 315–16, 84 S.Ct. 411. *See also American Surety Co. v. Baldwin,* 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932). That waiver must be knowing, voluntary and intelligent, however, due process does not preclude such a waiver and does not *per se* invalidate confession of judgment clauses or the statutes through which the judgment may be entered.

The scope of most confession of judgment clauses appears to be expansive, empowering any attorney or any court to confess judgment anywhere in the world. *Atlas Credit Corp. v. Ezrine,* 25 N.Y.2d 219, 303 N.Y.S.2d 382, 250 N.E.2d 474 (1969). Yet the scope of confession of judgment statutes is considerably more narrow. The Ohio statute upheld by the Court in *Overmyer* required as a prerequisite for a valid judgment by confession some nexus between the defendant and the Ohio county in which judgment is confessed, such as the residency of defendant or the execution of the obligation in that county. Ohio Rev. Code § 2323.13 (1968). The Illinois statute governing this action similarly prescribes a connection with the county in which the judgment is confessed such as the residency of the maker, the execution of the note, or the location of real or personal property of the debtor in the county. Ill.Rev.Stat. ch. 110, § 50(3) (1975). However, the Pennsylvania statute examined in *Swarb v. Lennox, supra,* contains no such nexus or connection provision and authorizes the entry of judgment by confession without regard for the relationship of the debtor to the county in which the action is commenced. 12 P.S. § 738 (1953) subsequently suspended by Pa.R.C.P. No. 2976 (1970). As the Supreme Court reviewed the constitutionality of both the Ohio and the Pennsylvania statute on due process grounds without distinguishing the nexus provision of the Ohio statute from the general provisions of the Pennsylvania statute, the nexus provision is not of constitutional dimension. The nexus or connection provision may be likened to a venue requirement which imposes a concept

of reasonableness on the plaintiff's choice of forum. *Cf. Atlas Credit Corp. v. Ezrine, supra.*

This analysis is consistent with the approach of the Court in *Overmyer* and *Swarb* in recognizing that jurisdiction for judgment by confession is not predicated on minimum contacts of the defendant with the forum state, or on the commission of an act by which the defendant purposefully avails himself of the protections of the forum. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Rather, the sole basis of jurisdiction for judgment by confession is consent by submitting to the jurisdiction of the court by the voluntary, knowing, and intelligent waiver of the right to service of process. The defendant's consent to the entry of judgment satisfies the threshold due process requirements and the additional provisions of the Ohio and Illinois statutes, while a prerequisite to the validity of the judgment, are not constitutionally mandated. *Cf. Atlas Credit Corp. v. Ezrine,* 25 N.Y.2d 219, 303 N.Y.S.2d 382, 250 N.E.2d 474 (1969). Thus compliance with the nexus requirements of the Illinois statute may be solely determined by Illinois law.

In the instant case, the judgment is premised on that portion of the Illinois statute which authorizes confession of judgment in the county in which any property, real or personal, owned by the defendant is located, specifically the 25,000 shares of American Bankshares Corporation stock pledged to Colonial Bank and held in this county.[4] The plaintiff contends that the entry of judgment on this basis is proper because a stock certificate, "as a symbol, or paper evidence of the stock ownership, is tangible personal property, with some value in itself as a transferable symbol of property and as evidence of the holder's right and title as a stockholder." *Duncan v. Kelly,* 435 S.W.2d 29 (Mo.App.1968). *See also Merritt v. American Steel-Barge Co.,* 79 F. 228 (8th Cir. 1897). In Illinois it is settled that a stock certificate is recoverable in an action for replevin and it is subject to an equitable lien. *Miller v. Doran,* 151 Ill.App. 527, *aff'd,* 245 Ill. 200, 91 N.E. 1039 (1910); *Dasher v. Bruno,* 5 Ill.App.2d 500, 126 N.E.2d 404 (1955). The court is satisfied that Illinois courts view stock certificates in a straight forward fashion, as paper owned by the stockholder that evidences corporate ownership,[5] and where the paper itself is pertinent to the litigation, as in an action for replevin or equitable lien, it is treated as personalty. Accordingly, this court finds that the judgment of the circuit court predicated on the location of personal property owned by the defendant in this county is validly entered pursuant to section 50(3) of the Illinois statute.

The parties have engaged in an extended and rather esoteric analysis of the situs of the right represented by these certificates in attempting to analogize the instant case to the factual context of *Style Builders, Inc. v. Fuernstahl,* 21 Ill.App.3d 898, 315 N.E.2d 923 (1974). In *Style Builders,* the defendant, a DuPage County resident, executed a note in DuPage County containing a confession of judgment clause, and upon defendant's default in payment plaintiff obtained judgment by confession in the Circuit Court of Cook County. The uncontested facts indicated that the defendant was employed in Cook County, and the Illinois Appellate Court held that "it is clear that the right to receive wages is a property right" finding the judgment to be proper under the language of section 50(3) requiring that "property, real or personal" owned by the defendant be located in the county wherein judgment is confessed.

---

4. Although an Illinois court might treat this note as "executed" in this forum, the validity of the entry of judgment on that basis was not asserted in the circuit court and is not asserted in this forum. *Taylorville Savings and Loan Building Ass'n v. McBride,* 301 Ill.App. 632, 22 N.E.2d 772 (1939). *Contra, Solem Machine Co.*

*v. Georgia Lumber & Veneer Co.,* 18 Ill.App.2d 547, 152 N.E.2d 626 (1958).

5. See also the following provisions of the Uniform Commercial Code which treat stock certificates as personalty: Ill.Rev.Stat. ch. 26, §§ 8–102, 8–313, 9–102, 9–305 (1975).

The propriety of this Illinois decision equating property rights with the location of "property, real or personal" in the county is not before this court. This court need only determine the propriety of the analogy between the property right of the wage earner and the property right of the stockholder, and as the circumstances are both legally and factually distinguishable that analogy is tenuous. Unlike the law regarding the right to receive wages, the Illinois law concerning the situs of the rights of a stockholder is less than clear. The defendant relies on two Illinois cases which treat the situs of the shareholder's right as the domicile of the owner or the corporate issuer for purposes of administering decedents' estates. *Harris v. Chicago Title & Trust Co.*, 338 Ill. 245, 170 N.E. 285 (1930); *Martin v. Central Trust Co.*, 327 Ill. 622, 159 N.E. 312 (1927). In contradistinction, the plaintiff relies on the provision of the Illinois Probate Act which expressly repudiates the *Harris* and *Martin* holdings and provides that "the situs of intangible personal estate is where the instrument evidencing a . . . stock . . . is located." Ill.Rev.Stat. ch. 3, § 55 (1975). Certainly this authority is pertinent to a determination of the proper components of a decedent's estate in Illinois, but it cannot be read as endorsing the defendant's position that the situs of the shareholder's right always resides with the owner or issuer, or as disclaiming the plaintiff's position that the situs of the shareholder's right always merges with the instrument evidencing ownership. Factually, the unencumbered right to receive wages and the encumbered rights of corporate ownership cannot comfortably be paralleled. Accordingly, the court declines to predicate the section 50(3) analysis on this tenuous base. Without determining where Illinois law would locate the situs of the shareholders' rights, this court finds that the situs of the instrument itself, separate from the rights it represents, is personal property within the meaning of section 50(3).

The defendant Cahill also asserts that the judgment of the Circuit Court of Cook County should be vacated pursuant to rule 60(b)(6) which authorizes the district court to vacate a judgment for "any other reason justifying relief from the operation of the judgment." As there is no similarity between the instant case and the cases upon which the defendant relies in addressing this motion to the discretion of the court, the court finds that the motion to vacate for any "other reason justifying relief" is without basis in fact or in law and must be denied.[6] *See, International Nikoh Corp. v. H. K. Porter Co.*, 374 F.2d 82 (7th Cir. 1967); *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir. 1973); *Tolson v. Hodge*, 411 F.2d 123 (4th Cir. 1969). *See generally* 11 Wright & Miller *Federal Practice and Procedure* § 2864 (1973).

The federal rules provide that in matters of procedure, a properly removed action is governed by the federal rules rather than the state rules under which such action was commenced. Fed.R.Civ.P. 81(c). The plaintiff argues, however, that in the unique situation of a removed action for judgment by confession, the state procedure for opening the judgment and litigating the defenses should be adopted by the federal forum.[7] Ill.Sp.Ct.R. 276, Ill.Rev.Stat. ch. 110A § 276

---

**6.** In support of this motion, the defendant Cahill contends that confession of judgment clauses and implementing statutes are *per se* invalid, an issue resolved in *Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) and *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972) and an argument not cognizable under rule 60(b)(6). Further, defendant Cahill asserts that his failure to notice the confession of judgment provisions in the notes he executed is a reason "justifying relief from judgment." Without determining whether the language of *Overmyer v.*

*Frick Co., supra,* and *First National Bank in De Kalb v. Keisman*, 47 Ill.2d 364, 265 N.E.2d 662 (1970) precludes defendant, a practicing attorney, from raising such a defense, the court notes that this is not a reason justifying relief from judgment pursuant to rule 60(b)(6).

**7.** Entirely adopting a state procedure to augment the federal rules is authorized with some particularity in the Federal Rules of Civil Procedure, however, the procedure for opening judgment by confession is understandably not such a procedure. *See* Fed.R.Civ.P. 64 & 69.

(1975). Illinois Supreme Court rule 276 provides that if the defendant by affidavit and verified answer discloses a *prima facia* defense on the merits to the plaintiff's action, the court shall set the motion to open for a hearing. At that hearing if it appears that the defendant has a defense to the action, "the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted." Rule 276 further provides that the "original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court." The gravamen of the plaintiff's argument is that the language of this rule vests him with a substantive right to hold the judgment as security, and thus the *Erie* doctrine requires that this diversity court adopt the state procedure to govern this federal lawsuit. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See also Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1948); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944).

This court is persuaded that the substantive-procedural dichotomy for applicability of the federal rules was in some sense laid to rest by the Supreme Court in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In *Hanna* the Court reasoned that coverage rather than characterization is the key to the determination of whether the federal or state procedure controls in diversity actions. If the procedural aspect is covered by a federal rule and if the rule is valid, it governs regardless of the characterization of its effect as substantive or procedural. The first prong of the *Hanna* test provides clarity and simplicity in this area of the law: if there is a valid federal rule, it applies. In the instant case this court need only determine whether a federal rule covers the procedure sought by the plaintiff to stay the execution of the state court judgment pending litigation of Cahill's defenses, for if such a rule exists,

*Hanna* mandates its applicability. Complete identify of title or provisions is not required, rather the analysis must focus on the import and effect of the procedure. The federal rules have no specific procedure for entering judgment by confession,[8] and consequently, no specific procedure for opening judgments obtained by confession. However, the federal rules clearly authorize the entry of a stay of execution of a judgment according to state law. Fed.R.Civ.P. 62(f). Rule 62(f) provides that, "In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state." Illinois law recognizes that the judgment debtor in a confession of judgment action is entitled to a stay of execution pending resolution of defenses, and that recognition is predicated on traditional principles of equity jurisprudence which antedate the codification of the procedure in Supreme Court rule 276. *See Pearce v. Miller*, 201 Ill. 188, 66 N.E. 221 (1903); *Blake v. State Bank of Freeport*, 178 Ill. 182, 52 N.E. 957 (1899); *Farwell v. Huston*, 151 Ill. 239, 37 N.E. 864 (1894). Thus the scope of rule 62(f) encompasses the stay of execution sought in the instant action and pursuant to Illinois common law such a stay may be entered upon defendant's request. *Cf. Van Huss v. Landsberg*, 262 F.Supp. 867 (W.D.Mo.1967). The court further concludes that any difference between the federal rule 62 stay and the Illinois rule 276 stay is not such a " 'substantial' [variation] between state and federal litigation" likely to influence choice of forum so as to require extended analysis of the *Erie* factors. *Hanna v. Plumer*, 380 U.S. at 467–68, 85 S.Ct. at 1142.

In summary, the court finds that this action for judgment by confession was properly removed to this court, and as judgment was entered consistent with the provi-

---

**8.** *Compare Bowles v. Schmitt & Co., Inc.*, 170 F.2d 617 (2d Cir. 1948) *with Federal Deposit* *Insur. Corp. v. Steinman*, 53 F.Supp. 644 (E.D. Pa.1943).

sions of section 50(3), it is recognized as a duly entered judgment in this federal forum. The suit proceeds as though it had been commenced in the federal forum, with trial upon the complaint and the merits of the defenses. Upon motion by the defendant, execution of the state court judgment shall be stayed pursuant to rule 62(f), the defendant shall be allowed twenty (20) days to answer or otherwise plead, and in all other respects this action shall be governed by the federal rules consistent with *Hanna v. Plumer, supra,* and rule 81(c).