# United States Court of Appeals
## For the First Circuit

No. 14-1233

CONCORDIA PARTNERS, LLC,

Plaintiff, Appellee,

v.

MARCELLE PICK ET AL.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Thompson, Lipez, and Barron,
Circuit Judges.

James D. Poliquin, with whom Norman, Hanson, & DeTroy, LLC
was on brief, for appellants.
Daniel A. Nuzzi, with whom David B. Bertoni, Stacy O. Stitham,
and Brann & Isaacson were on brief, for appellee.

June 24, 2015

**BARRON**, **Circuit Judge**.   This appeal concerns an interlocutory challenge to a preliminary injunction in a case that sits at the intersection of state contract law and federal copyright law.   But we do not reach the merits.   That is because a state trial court entered the preliminary injunction before the case was removed to federal court, and the federal court did not then adopt or otherwise rule on the state court's order before the filing of this appeal.   We thus dismiss this appeal for want of appellate jurisdiction, as we hold that there is no interlocutory order from a federal district court for us to review.

## I.

The dispute over the preliminary injunction has its origins in the breakdown of the business relationship between Concordia Partners, a Maine limited liability company that markets health care products, and Marcelle Pick, one of its former independent contractors.   Concordia and Pick had collaborated on a women's health website since 2001, but by 2013 the relationship had soured.   After the breakdown, Concordia sought a preliminary injunction in state court that would forbid Pick from publishing any company-owned content on her new website.   The Maine Superior Court granted Concordia's preliminary injunction motion and denied Pick's subsequent motion to reconsider that order.

Pick then removed the state case to federal court.[1] Before the District Court ruled on the merits of the state court injunction or issued any order enforcing, dissolving, or modifying the injunction, Pick filed a notice of interlocutory appeal. Pick now asks us to review the state court's grant of the preliminary injunction and its denial of her motion to reconsider. But we lack jurisdiction to do so.[2]

## II.

Congress has vested the federal courts of appeals with jurisdiction over appeals from interlocutory orders only "of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the

---

[1] Pick Enterprises, LLC was also a party to the removal, as it was in the state court case. But there is no difference between the two Pick defendants for purposes of this appeal.

[2] After Pick removed to federal court, Concordia filed a motion to remand the case back to state court. The District Court ultimately denied the motion, concluding that the complaint stated a claim that arose under federal law and, alternatively, that the case was removable under 28 U.S.C. § 1454, which specifically authorizes removal of copyright actions. In light of our holding that we lack appellate jurisdiction over the present appeal, we do not address that decision. See In re Lang, 414 F.3d 1191, 1195 (10th Cir. 2005) ("Because our power to review any decision -- including decisions involving a lower court's subject matter jurisdiction -- depends on our appellate jurisdiction, '[o]n every . . . appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.'" (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998))).

judges thereof." 28 U.S.C. § 1292(a)(1). The notice of interlocutory appeal filed in the District Court below, however, does not cite any "order[] of the district court[]" as the basis for the present appeal. Id. The notice instead appeals from the Maine Superior Court's two orders regarding the preliminary injunction.

Pick contends that this most unusual feature of this appeal poses no bar to our review. According to Pick, "the Superior Court's order is treated upon removal as an order of the District Court pursuant to 28 U.S.C. § 1450." She thus claims that the injunction "is appealable to the Court of Appeals to the same extent as if it were originally issued by the District Court."

In making this argument, Pick relies on 28 U.S.C. § 1450, which provides that "[w]henever any action is removed from a State court to a district court of the United States, . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." But the fact that state court orders "remain in full force and effect" upon removal to federal court does not mean that § 1450 automatically renders such state court orders federal district court orders that may be the proper subject of a federal appeal under § 1292. See Adams v. Ga. Gulf Corp., No. 00-12, 2000 WL 34507966, at *1 (5th Cir. May

- 4 -

18, 2000) (per curiam) (unpublished) ("[W]hile state court orders and rulings remain in effect upon removal, they do not become appealable orders of the district court until the district court adopts them as its own.").[3] And we decline to read § 1450 to have the consequence -- nowhere expressly provided for in the statute's text -- of transforming a state court order into one that a federal district court has necessarily issued on its own. Rather, we read § 1450 -- in keeping with its text -- merely to preserve the status quo in the removed case. So read, § 1450 simply ensures that the state court order "remain[s] in full force and effect," and thus that the filing of the notice of removal does not have the consequential effect of wiping that state court order away.

There is much sense in reading § 1450 to be so limited. This interpretation ensures that § 1450 does not, by treating a state court order as a federal one, have the odd consequence under § 1292(a)(1) of requiring federal courts of appeals to rule in the first instance on the propriety under the Federal Rules of Civil

_____

[3] It is true, as Pick's counsel pointed out at oral argument, that the case in Adams was removed after a notice of appeal had been filed in state court. 2000 WL 34507966, at *1. But Adams did not rely on that procedural quirk in concluding that appellate jurisdiction was lacking. And, as discussed below, we see no reason why the rule ought to be any different here. The problem is not the order's status under state law; the problem is that it is not the order of a federal district court. See 28 U.S.C. § 1292(a)(1) (granting appellate jurisdiction over interlocutory orders "of the district courts of the United States").

Procedure of preliminary injunctions issued by state courts under state law. See Granny Goose Foods, Inc. v. Bhd. of Teamsters, Local 70, 415 U.S. 423, 436 n.10, 437 (1974) (federal procedural law governs in removed cases). Instead, by reading § 1450 and § 1292(a)(1) together in this way, we ensure that in a case like this the district court will have taken some action of its own that will place before us an interlocutory order of a federal district court, just as Congress required. See 28 U.S.C. § 1292(a)(1).

In rejecting the view that, following removal, interlocutory state court orders "bec[o]me appealable as of right pursuant to 28 U.S.C. § 1292(a)(1)," Tehan v. Disability Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 548 (D.N.J. 2000), we recognize that the Fifth Circuit, prior to Adams, had stated that "whenever a case is removed, interlocutory state court orders are transformed . . . into orders of the federal district court to which the action is removed." Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1304 (5th Cir. 1988). But in Kline, the § 1450 issue did not arise in the context of the circuit court's appellate jurisdiction under § 1292. The issue arose instead because the federal district court did not permit Kline to reinstate defenses that the state court had struck before the case was removed. Id. at 1303. Thus, the Fifth Circuit's holding that a federal district court is free when

- 6 -

a case is removed from state court to treat state interlocutory orders under § 1450 "as it would any such interlocutory order it might itself have entered," id. at 1304, provides little guidance on the jurisdictional issue at hand.[4] And, for the reasons set forth above, and in accord with the holding of the Fifth Circuit in Adams, we see no reason to adopt a rule that would require us to review a state court order as if it had been entered by a federal district court when in actual fact it was not.

We note, finally, that the fact that the District Court ultimately ruled on a motion to hold Pick in contempt of the preliminary injunction does not itself vest this court with jurisdiction over this appeal. Concordia filed the contempt motion on September 19, 2014, approximately seven months after Pick filed the notice of interlocutory appeal. And the District Court's contempt order -- which did not hold Pick in contempt -- was entered on March 17, 2015, more than six months after that.

_____

[4] Neither does In re Diet Drugs, which quoted Kline for the proposition that "whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered." In re Diet Drugs, 282 F.3d 220, 232 n.7 (3d Cir. 2002) (quoting Kline, 845 F.2d at 1304). The Third Circuit in that case was asked to review what was clearly a federal court's interlocutory decision, and not merely a state court order that was deemed to be one a federal district court had effectively (though not actually) issued. See id. at 225-29.

Perhaps an order resolving a motion for contempt could be construed as a federal district court's adoption at that time of the state court preliminary injunction.  But the District Court's contempt order here was issued post-appeal.  It thus cannot cure post-hoc the jurisdictional defect that blocks our review.

## III.

We thus dismiss this appeal for want of appellate jurisdiction.