# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

————————————

No. 16-20646

————————————

PRESTON MARSHALL; RUSK CAPITAL MANAGEMENT, L.L.C.,

Plaintiffs - Appellees

v.

EDWIN K. HUNTER; HUNTER, HUNTER & SONNIER, L.L.C.,

Defendants - Appellants

————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2731

————————————————

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

IT IS ORDERED that Appellees' opposed motion to dismiss the appeal for lack of subject matter jurisdiction is GRANTED for the following reasons.

Defendants–Appellants in this case appealed the state trial court's decision that they were subject to personal jurisdiction in Texas. While this appeal was pending, Plaintiffs–Appellees added a federal claim; Defendants–

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20646

Appellants then removed to federal court. Upon removal, Defendants–Appellants appealed the same state trial court decision they previously appealed in state court. In arguing for subject matter jurisdiction, Defendants–Appellants note that the state court order finding personal jurisdiction is still in place under 28 U.S.C. § 1450. In addition, Defendants–Appellants cite the *Matter of 5300 Memorial Investors, Ltd.*, 973 F.2d 1160 (5th Cir. 1992), for the proposition that "the Court must accept the case in its current posture"—i.e., as on appeal.

The jurisdictional problem with this case, however, is that there is no federal district court order to appeal. Under 28 U.S.C. §§ 1291 and 1292(b), this Court has jurisdiction over decisions by the district court. However, Defendants–Appellants are asking us to review a state trial court order that the district court has not adopted as its own. This procedural posture is at odds with our decision in *FDIC v. Meyerland Co.*, 960 F.2d 512 (5th Cir. 1992) (en banc). There, we permitted a party in a removed case to appeal a state court judgment, but only after the district court adopted the judgment. *Id.* at 520. Likewise, we reviewed the state court judgment in the *Matter of 5300 Memorial Investors* only after the district court adopted the judgment as its own. 973 F.2d at 1162–63. As we stated in *Adams v. Georgia Gulf Corp.*, 2000 WL 34507966 (5th Cir. 2000), "while state court orders and rulings remain in effect upon removal, they do not become appealable orders of the district court until the district court adopts them as its own." *Id.* at *1 (citing *Meyerland*, 960 F.2d at 520); *accord Concordia Partners, LLC v. Pick*, 790 F.3d 277, 280 (1st Cir. 2015 ("[W]e see no reason to adopt a rule that would require us to review a state court order as if it had been entered by a federal district court when in actual fact it was not.").

No. 16-20646

Moreover, this Court has made clear that the district court is free to reconsider an interlocutory decision upon removal. *See Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) ("[W]here as in the present case the state court's ruling is purely interlocutory, it remains subject to reconsideration just as it had been prior to removal."). The district court is not obligated to rubber-stamp the state court's order, as Defendants–Appellants seem to suggest. For these reasons, we DISMISS this appeal for lack of appellate jurisdiction.