# United States Court of Appeals
## For the First Circuit

No. 22-1500

STEPHANIE POWERS, on behalf of herself
and all others similarly situated,

Plaintiff, Appellee,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Gelpí, Circuit Judges.

Thomas C. Blatchley, with whom Benjamin O'Grady and Gordon
Rees Scully Mansukhani LLP were on brief, for appellant.
Stephen Taylor, with whom Sergei Lemberg and Lemberg Law LLC
were on brief, for appellee.

June 8, 2023

**LYNCH**, **Circuit Judge**.  In this putative class action, removed from Massachusetts state court to the federal district court, plaintiff Stephanie Powers alleges that Receivables Performance Management, LLC ("RPM"), a debt collector, contacted her and other Massachusetts debtors more than twice within a seven-day period in violation of section 2 of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, and section 7.04(1)(f) of the Massachusetts Debt Collection Regulations, 940 Mass. Code Regs. §§ 7.01-.10.

RPM moved to compel arbitration in the state court, relying on an arbitration provision in the service contract between Powers and Verizon Wireless, LLC ("Verizon"), the holder of the alleged debt that RPM was attempting to collect.  The state court denied the motion, reasoning that, as a nonsignatory to that service contract, RPM was not entitled to invoke the arbitration provision under the contract law principles set forth in Landry v. Transworld Systems Inc., 149 N.E.3d 781 (Mass. 2020).  RPM could have taken a timely interlocutory appeal from the denial in state court but did not do so.

There matters stood at the time RPM removed the case to federal court.  In federal court, RPM did not move to dissolve or modify the state court order denying arbitration.  See 28 U.S.C. § 1450.  Instead, RPM filed another motion to compel arbitration, making the same arguments that had been rejected by the state

court. Powers opposed. The district court treated this as a motion for reconsideration of the state court order denying arbitration and denied the motion. Powers v. Receivables Performance Mgmt., LLC, No. 21-cv-12125, 2022 WL 1666984, at *1-2 (D. Mass. May 25, 2022). RPM appealed.

We dismiss the appeal for the reasons that follow.

## I.

## A.

Because we do not address the merits of this dispute, we recount the facts only briefly. On or about December 15, 2016, Powers opened an account with Verizon for landline telephone service. She allegedly accrued an unpaid balance of several hundred dollars. On or about August 16, 2018, Verizon referred Powers' account to RPM for third-party debt collection. Powers alleges that RPM began calling her in September 2018 to collect the debt and called her more than twice within a seven-day period. Verizon is not a party to this case.

In opening her Verizon account, Powers assented to the Verizon Fios Digital Voice Terms of Service (the "Contract").[1] The

---

[1] In a few places in its opening brief, RPM also cites to the "Verizon Online Terms of Service." Powers responds that RPM has never explained what Verizon Online is or established that Powers assented to these terms. Powers further argues that the Verizon Online terms apply only to internet service and specifically exclude landline telephone service, the service at issue in Powers' case. RPM offers no rebuttal. We therefore treat the Digital Voice Terms of Service as the operative contract. In

Contract contains an arbitration provision.[2]  The parties dispute whether RPM is entitled to invoke this arbitration provision.

**B.**

The procedural history of this case determines the outcome of the present appeal.  On September 21, 2018, Powers filed a one-count complaint in the Massachusetts Superior Court alleging that RPM violated section 2 of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, and section 7.04(1)(f) of the Massachusetts Debt Collection Regulations, 940 Mass. Code Regs. §§ 7.01-.10, by calling her more than twice within a seven-day period to attempt to collect the Verizon debt.  Powers also sought to certify a class of other Massachusetts residents RPM had called more than twice within a seven-day period regarding a debt.

There was a prior removal to federal court and remand to state court, but that is not the removal that concerns us.[3]

---

any event, RPM states that the Verizon Online terms "largely mirror" those in the Digital Voice Terms of Service.

[2]     The arbitration provision applies to "any dispute that in any way relates to or arises out of this agreement or from any equipment, products and services you receive from us (or from any advertising for any such products or services)." (Capitalization omitted.)  It states that it is between the customer and Verizon: "You and Verizon both agree to resolve disputes only by arbitration . . . ." (Capitalization omitted.)  RPM contends that various other provisions in the Contract bear on the interpretation of this provision.

[3]     RPM first removed the case to federal district court on October 16, 2018.  On October 24, Powers moved to remand for lack of subject matter jurisdiction, alleging that RPM had failed to establish that the $75,000 amount-in-controversy threshold for

- 4 -

On July 30, 2019, RPM moved the state trial court to compel arbitration based on the Contract's arbitration provision.[4] On November 14, the court initially granted RPM's motion to compel arbitration. On November 27, Powers moved for reconsideration or, alternatively, requested that the court hold the motion in abeyance until the Massachusetts Supreme Judicial Court ("SJC") issued its opinion in Landry. On January 2, 2020, the court stayed further proceedings pending a decision in Landry.

The SJC decided Landry on July 28, 2020. See 149 N.E.3d at 781. On July 30, Powers renewed her motion for reconsideration, arguing that Landry required denial of RPM's motion to compel arbitration. The state court agreed. In an order entered January 19, 2021,[5] it reasoned that, under Landry, RPM was unable to enforce the Contract's arbitration provision as Verizon's agent, under a third-party beneficiary theory, or as an assignee. Powers v. Receivables Performance Mgmt., LLC, No. 18-01463, slip op. at 3-4

---

diversity jurisdiction was satisfied. The district court agreed and remanded the case on April 18, 2019.

[4] Several of the state court filings contain a discrepancy between the date listed on the filing and on the certificate of service, on the one hand, and the date the filing was stamped as "filed" by the clerk's office, on the other (in some cases weeks or months later). The parties do not contend that any of these date discrepancies are material. For consistency, we use the dates from the certificates of service.

[5] The order was dated January 14 but was not entered until January 19.

(Mass. Super. Ct. Jan. 19, 2021).  The court granted Powers' motion for reconsideration and denied RPM's motion to compel arbitration. Id. at 4.  RPM then could have filed an interlocutory appeal in the state courts within thirty days.  It chose not to do so.

Instead, six weeks later, on March 5, 2021, RPM filed a motion in the state court for reconsideration of the state court's January 19 order, arguing that Landry was inapplicable.  The court denied this motion on May 26 after hearing argument, but the parties did not receive notice of this decision until October 18, 2021.

On November 17, 2021, RPM petitioned the Massachusetts Appeals Court for single-justice review of the trial court's denials of its motion for reconsideration and motion to compel arbitration.  The Appeals Court dismissed the petition as untimely. Powers v. Receivables Performance Mgmt., LLC, No. 2021-J-0544 (Mass. App. Ct. Nov. 24, 2021).  The court reasoned that the time for filing an appeal from the January 19 order denying the motion to compel arbitration expired thirty days after entry of the order, and that RPM's motion for reconsideration did not restart this petitioning period because the motion was not based on a change in circumstances.  Id.

RPM states that in December 2021, while compiling documents responsive to Powers' discovery requests, it determined that the case was eligible for removal under the Class Action

- 6 -

Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711–15, because the amount in controversy in the putative class action exceeds $5,000,000. On December 23, RPM again removed the case to federal district court.[6]

On February 1, 2022, RPM moved the federal district court to compel arbitration. RPM's motion was styled as a "motion to compel arbitration," not as a motion to reconsider the state court's prior denial of RPM's motion to compel arbitration. The motion essentially repeated the same arguments made to the state court. Powers opposed the motion, arguing (in relevant part) that it should be treated as a motion for reconsideration and denied on the basis that the controlling legal authority had not changed, there was no new evidence, and there was no manifest error of law in the state court's order. She also moved to remand the case back to state court, arguing that RPM had not satisfied CAFA's jurisdictional requirements.

The district court heard argument on both motions on May 2, 2022. On May 3, the district court granted Powers' motion to remand and concluded that it lacked jurisdiction to decide RPM's motion to compel arbitration. On May 5, RPM moved for

---

[6] "[A] defendant who fails in an attempt to remove on the initial pleadings can file a [successive] removal petition when subsequent pleadings or events reveal a [n]ew and [d]ifferent ground for removal." Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam); accord Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 789 (9th Cir. 2018).

reconsideration of the remand order, correcting a typographical error in its removal papers that impacted the amount in controversy.

On May 25, 2022, the district court granted RPM's motion for reconsideration of the remand order and denied Powers' motion to remand. Powers, 2022 WL 1666984, at *1.

The district court then considered RPM's motion to compel arbitration. The motion was not based on any assertion of the discovery of new evidence or any intervening changes in law. The court reasoned that, because RPM's earlier motion to compel arbitration was denied by the state court, it would treat RPM's motion to compel as a motion for reconsideration of the state court order. Id. Applying a reconsideration standard, the court determined that there was "no manifest error of law" in the prior order and denied RPM's motion to compel arbitration. Id. at *2.

This appeal followed.

## II.

We start with basics. If RPM has any appeal rights on these facts, they derive from federal law, not state law. Once a case is removed to federal court, further proceedings are governed by the Federal Rules, not by state procedural rules. See Fed. R. Civ. P. 81(c)(1); Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 441 (1974).

When a case is removed from state court to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. These prior state court orders are not appealable federal orders absent some action by the district court. See Concordia Partners, LLC v. Pick, 790 F.3d 277, 279-80 (1st Cir. 2015). Rather, § 1450 serves "merely to preserve the status quo in the removed case." Id. at 279; see also Granny Goose, 415 U.S. at 436.

RPM has not challenged the district court's decision to treat its motion to compel arbitration as a motion for reconsideration of the state court's denial of its motion to compel arbitration, and has instead conceded that "[f]ederal courts reviewing pre-removal state court orders do so in the context of a motion of reconsideration." We therefore accept for the purposes of this case that the district court order before us is a denial of a motion for reconsideration.[7]

---

[7] RPM has also developed no argument that the district court should not have deferred to the specific state court order at issue here on the basis that a state court applies different substantive law when resolving a motion to compel arbitration. See Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 530–31 (9th Cir. 2000) (holding in removed case that reconsideration of state court's denial of summary judgment was proper because "California and federal summary judgment standards are different"). We therefore have no reason in this case to question the conclusion reached by other courts that "[a] state court reviewing a motion

Viewed in that light, the order is not a final decision and not within an exception that would permit interlocutory review. "[A]t least absent some newly available evidence, law, or a new stage of the proceedings, orders denying [untimely] motions for reconsideration of . . . appealable interlocutory order[s] are generally not themselves appealable." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 8 n.4 (1st Cir. 2005); see also Anderson v. City of New Orleans, 38 F.4th 472, 478 (5th Cir. 2022) (concluding that the court could review the denial of a Rule 60(b) motion for relief from a district court's order to the extent the motion was premised on factual or legal changes, but "lack[ed] jurisdiction to review the substance of the [underlying] orders").

Here, RPM's motion was not based on "newly available evidence[] [or] law," and the case remains at the same "stage of the proceedings" -- a motion to compel arbitration. Marie, 402 F.3d at 8 n.4 (citing Behrens v. Pelletier, 516 U.S. 299, 306-07 (1996)). And, while reconsideration can be warranted not only for "newly available evidence[] [or] law," but also for a "manifest error of law," and while RPM does argue that the state court's denial of its motion to compel arbitration "contained a manifest error of law," it develops no argument that merely asserting a

_____

to compel arbitration governed by the Federal Arbitration Act . . . applies the same body of law and precedent that a federal court would." Roberts v. Harley Davidson Fin. Servs., Inc., 611 F. Supp. 3d 761, 766 (W.D. Mo. 2020).

"manifest error of law" can provide a basis for appellate jurisdiction in the way that asserting "newly available evidence[] [or] law" can.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); see also Cozza v. Network Assocs., Inc., 362 F.3d 12, 15-16 (1st Cir. 2004) ("[A party] cannot seriously argue any entitlement to bring successive interlocutory appeals based upon the same arguments [already rejected], nor to appeal arguments which it could have appealed earlier, but did not.").

We do not reach the merits question of whether Landry was correctly applied.  We also express no view on any of the jurisdictional or merits questions that might arise in any appeal from final judgment.

### III.

For the foregoing reasons, the appeal is dismissed.